# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2025

Lyle W. Cayce
Clerk

———————

No. 24-10865
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Apolonio Hernandez Ruiz,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CR-125-1

———————

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Apolonio Hernandez Ruiz appeals his conviction and sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1). Hernandez Ruiz argues that treating a prior felony conviction that increases the statutory maximum under § 1326(b) as a sentencing factor, rather than a separate element of the offense, violates the Constitution. While Hernandez

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10865

Ruiz's 21-month term of imprisonment is within the otherwise applicable statutory maximum in § 1326(a), he complains that his two-year term of supervised release exceeds the one-year statutory maximum that applies without a § 1326(b) enhancement. *See* 18 U.S.C. §§ 3559(a), 3583(b). However, Hernandez Ruiz concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and merely raises this issue to preserve it for further review. The Government therefore has filed an unopposed motion for summary affirmance, or, alternatively, for an extension of time to file a brief.

Because Hernandez Ruiz is correct that his argument is foreclosed, *see United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019), summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.